John Paul Stanford
Quilling, Selander, Lownds,
  Winslett & Moser, P.C.
2001 Bryan St. Suite 1800
Dallas, Texas 75201
(214) 871-2100 - Phone
(214) 871-2111 – Fax

ATORNEYS FOR BOWIE REAL ESTATE HOLDINGS, LP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BOWIE REAL ESTATE HOLDINGS, LP | § | CASE NO. 20-70115 |
| | § | (Chapter 11) |
| DEBTOR | § | |

## OBJECTION TO CROSSFIRST BANK'S MOTION FOR RELIEF FROM STAY

Now Comes Bowie Real Estate Holdings, LP (the "Debtor") and files its Objection to CrossFirst Bank's Motion for Relief from Stay *[Docket #27]* (the "Motion") and Joinder by Montague County and Montague County Appraisal District [*Docket #34*] as follows:

1. The Debtor admits the allegation set forth in paragraph 1 of the Motion filed by CrossFirst Bank (the "Bank" or "Movant").

2. The Debtor admits the allegations of jurisdiction set forth in paragraph 2 of the Motion.

3. The Debtor admits the allegations set forth in paragraph 3 of the Motion.

4. The Debtor admits the allegations set forth in paragraph 4 of the Motion except that Hasan F. Hashmi is no longer a managing member of the Debtor.

5. The Debtor admits the allegations set forth in paragraph 5 of the Motion.

6. The allegations set forth in paragraph 6 of the Motion are as to CHB and not the Debtor. As to the documents, they speak for themselves.

7. The Debtor admits the allegations set forth in paragraph 7 of the Motion.

8. The Debtor admits the allegations set forth in paragraph 8 of the Motion.

9. The Debtor admits the allegations set forth in paragraph 9 of the Motion.

10. The Debtor admits that it did not pay the amounts due under the Note to CrossFirst. by December 14, 2019 as alleged in paragraph 10. The Debtor admits that CHB ceased it operations at the Real Property by February 2020. The Debtor cannot admit nor deny the remaining allegations regarding other parties.

11. The allegations set forth in paragraph 11 of the Motion are as to CHB and not the Debtor. As to the documents, they speak for themselves.

12. The Debtor admits the allegations set forth in paragraph 12 of the Motion.

13. The Debtor admits the allegations set forth in paragraph 13 of the Motion.

14. The Debtor cannot admit nor deny the precise amount of the outstanding debt under the CrossFirst Note set forth in paragraph 14 of the Motion, but for purposes of the Motion, the Debtor does not deny an amount owed in this approximate amount.

15. Debtor has insufficient information to admit or deny the allegations set forth in paragraph 15.

16. The Debtor admits the information plead in paragraph 16 but denies the conclusions. Moreover, Yam Capital, LLC filed an unsecured claim for an unknown amount. [*Claim No. 7*].

17. The Debtor admits the allegations set forth in paragraph 17 of the Motion.

18. The Debtor denies that relief should be granted as requested by the Movant in paragraph 18 of the Motion.

19. The Debtor denies the allegations of bad faith set forth in paragraph 19 of the Motion and denies that Movant is entitled to the requested relief.

20. The Debtor denies the allegations of bad faith set forth in paragraph 20 of the Motion and denies that Movant is entitled to the requested relief.

21. The Debtor denies the allegations of bad faith set forth in paragraph 21 of the Motion and denies that Movant is entitled to the requested relief.

22. The Debtor denies the allegations set forth in paragraph 22 of the Motion. The Bank is adequately protected by the equity in its collateral.

23. The Debtor denies the allegations of bad faith set forth in paragraph 23 of the Motion and denies that Movant is entitled to the requested relief. As plead by the Bank, CHB was obligated to pay regular monthly payments under the Note. CHB is the owner of approximately $9 million in collectable patient receivables from which the Debtor expected CHB to service the Note during its bankruptcy. On or about June 18, 2020 the Bank sought and obtained a receiver to take control of the CHB receivables; preventing the use of those funds from servicing the debt during the bankruptcy.

24. The Debtor denies the allegations set forth in paragraph 24 of the Motion. The Debtor denies that 11 U.S.C. §362(d)(3) *mandates* the lifting of the automatic stay.

25. The Debtor denies the Bank is entitled to the relief it seeks in paragraph 25 of the Motion. The Debtor admits it is in a single asset real estate case but denies that Bank is entitled to the termination of the automatic stay as a result.

26. The Debtor denies the Bank is entitled to the relief it seeks in paragraph 26 of the Motion. The Debtor admits it is in a single asset real estate case but denies that Bank is entitled to the termination of the automatic stay as a result. The Debtor denies that 11 U.S.C. §362(d)(3) *mandates* the lifting of the automatic stay. Debtor asserts that the excess equity in the Property adequately protects the Movant for the time being.

27. The Debtor denies that relief should be granted as requested by the Movant in paragraph 27 of the Motion.

28. On May 28, 2020 the Debtor filed its application to engage the real estate brokerage services of Matthews Real Estate Investment Services to market the real property for sale and to obtain offers to purchase.

29. On July 8, 2020, the Debtor received a Proposal to Purchase the Bowie Facility from Cadelano LLC, or assignee $3,825,000. The terms of the proposal provide that the purchase will be all cash and will include a $75,000 cash deposit. A true and correct copy of the Proposal to Purchase is attached to the Affidavit of Faraz Hashmi submitted into evidence in this matter.

30. The sale proceeds from the sale of the Bowie Facility at $3,825,000 will be more than sufficient to satisfy the Bank's claim, including interest, within a reasonable period of time as well as the claims of the taxing authorities.

31. Section 362(d)(3) does not *mandate* that the automatic stay be terminated. Section 362(d)(3) merely requires that some relief shall be afforded the secured creditor "such as by terminating, annulling, modifying or conditioning such stay." *In re Archway Apartments, Ltd*, 206 B.R. 463 (M.D. Tenn 1997).

> While Congress may have enacted §362(d)(3) to protect the interests of secured creditors in single asset real estate cases, it did not completely abrogate the bankruptcy court's discretion to tailor the appropriate relief for failure to strictly comply with the requirements of § 362(d)(3). The language of the statute unambiguously states that the court "**shall grant relief** from the stay provided under subsection (a) of this section, such as **by terminating, annulling, modifying, or conditioning such stay**" if the debtor has failed to file a feasible plan within 90 days of the order for relief or has failed to commence monthly payments to the secured creditor "in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate." In other words, granting relief does not necessarily mandate termination of the automatic stay. [emphasis in original]

*Id*. at 465.

32. Accordingly, the court may condition the automatic stay as a form of relief for the Bank based on the fact that the Debtor has the Proposal to Purchase for an amount more than $2 million over the asserted amount of the Bank's secured claim. The Bank is adequately protected.

33. The Debtor requests that upon final hearing on the Motion, the court modify the automatic stay to allow the Debtor sufficient time to consummate the sale to Cadelano, LLC under the terms of the Proposal to Purchase.

34. The responses set forth herein are those asserted by the Debtor, Bowie Real Estate Holdings, LP, and not for any other party.

35. Any allegations set forth in the Motion that has not been specifically admitted herein, is deemed denied by the Debtor.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that the Movant's motion to terminate the stay be denied, that the automatic stay be modified or conditioned as appropriate to allow for the sale of the property and for such further relief to which it may be entitled.

Respectfully submitted,

By: */s/ John Paul Stanford*
John Paul Stanford
State Bar No. 19037350

Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan St. Suite 1800
Dallas, Texas 75201
(214) 871-2100 - Phone
(214) 871-2111 – Fax
Email:  jstanford@qslwm.com

ATTORNEYS FOR BOWIE REAL ESTATE HOLDINGS, LP

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on July 27, 2020, a copy of the above pleading was served on the attorney for the moving party at the address below and was also served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

| | |
|---|---|
| Michael S. Held | mheld@jw.com |
| JACKSON WALKER LLP | |
| 2323 Ross Avenue, Suite 600 | |
| Dallas, Texas 75201 | |

| | |
|---|---|
| Jeanmarie Baer | mlerew@pbfcm.com |
| Jollie Lerew | |
| PERDUE, BRANDON, FIELDER, | |
| COLLINS & MOTT, LLP | |
| PO Box 8188 | |
| Wichita Falls, TX 76307 | |

            */s/ John Paul Stanford*
            John Paul Stanford