IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BOWIE REAL ESTATE HOLDINGS, LP | § § | CASE NO. 20-70115-HDH-11 (Chapter 11) |
| DEBTOR | § § | |

### AFFIDAVIT OF FARAZ HASHMI IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared Faraz Hashmi, personally known to me to be the person whose name is subscribed hereto, and who, after being by me first duly sworn, upon his oath stated as follows:

1. "My name is Faraz Hashmi. I am the Managing Member of the General Partner of Bowie Real Estate Holdings, LP. I have personal knowledge of the facts stated herein, and they are all true and correct.

2. The Debtor owns real property situated at 705 E. Greenwood Ave., in Bowie Texas which includes improvements consisting of a 49-bed hospital facility and related structures (the "Bowie Facility"). The Debtor has submitted schedules in this bankruptcy case showing the value of this property as of the Petition Date is $4 million.

3. On May 28, 2020 the Debtor filed its application to engage the real estate brokerage services of Matthews Real Estate Investment Services to market the real property for sale and to obtain offers to purchase.

4. On July 8, 2020, the Debtor received a Proposal to Purchase the Bowie Facility from Cadelano LLC, or assignee $3,825,000. The terms of the proposal provide that the purchase will be all cash and will include a $75,000 cash deposit. A true and correct copy of the Proposal to

Page 1

Purchase is attached to this Affidavit as Exhibit A. My signature and initials appear on the proposal on behalf of the Debtor.

5. The parties to the Proposal to Purchase are diligently working on a Purchase & Sale Agreement ("PSA"). The parties are currently collecting documents that will be required as part of the due diligence to be performed by the buyer during the contingency period so as to avoid any delay in closing once the PSA is signed. I understand that bankruptcy court approval will be required to consummate the sale.

6. CrossFirst Bank has filed a proof of claim in this case for $1,750,476.66 secured by the Bowie Facility as well as personal property of the Debtor, including certain equipment.

7. After payment of closing costs and broker's commission, there will be more than sufficient funds to pay the secured claim of CrossFirst Bank and Montague County.

8. CrossFirst Bank is adequately protected by the equity cushion in the value of the Bowie Facility that will be realized by the sale to Cadelano, LLC.

AFFIANT FURTHER SAITH NOT.

_____
Faraz Hashmi

SWORN AND SUBSCRIBED TO BEFORE ME on this 27 day July, 2020, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

SPENCER RATCHFORD
My Notary ID # 129662676
Expires December 23, 2021

**MATTHEWS**
REAL ESTATE INVESTMENT SERVICES

Andrew Fagundo 841 Apollo St. Direct 310.955.5834
*Associate* Suite 150 Fax 310.388.0788
Matthews Retail Advisors Los Angeles, CA 90245 Mobile 818.484.1658

July 8, 2020

RE: Proposal to Purchase
Central Hospital of Bowie Vacant Building – 705 E Greenwood Ave, Bowie, TX 76230

In the event Buyer and Seller come to agreement on price and general terms and conditions, Buyer and Seller agree to work diligently to draft and execute a formal Purchase & Sale Agreement (the "PSA") based on Seller's standard form attached hereto within **Five (5) calendar days** from the mutual execution of this letter, or this proposed transaction shall be considered null and void and no party shall have any obligation whatsoever to the other as it pertains to this proposed transaction. **This letter is not the PSA and creates NO binding obligation on either the Seller or Buyer**.

1. **Buyer.** Cadelano LLC, or assignee

2. **Property.** The retail property known as "**Central Hospital of Bowie Vacant Building**" located at **705 E Greenwood Ave** in the City of **Bowie,** State of **Texas** (the "Property"), legal description to be provided in the PSA. The Property includes the land, improvements thereon and all of Seller's rights under the existing leases, contracts, agreements and other rights and obligations relating to the Property.

3. **Purchase Price.** The Purchase Price shall be **Three Million Eight Hundred and Twenty-Five Thousand Dollars ($3,825,000)**

4. **Financing Contingency.** None – All Cash.

5. **Deposit.** Buyer shall make a cash Deposit within Five (5) business days of the Opening Of Escrow in the amount of **Seventy- Five Thousand ($75,000)** (the "Deposit"). The Deposit will be credited to the Purchase Price upon closing of Escrow, or will be paid to Seller by Escrow Holder as non-refundable liquidated damages if Buyer fails to acquire the Property for any reason after expiration of the Contingency Period.

6. **None.**

7. **Opening Of Escrow.** Upon full execution of the PSA, Broker will open escrow with **mutually agreed upon** ("Escrow Holder") by placing with Escrow Holder the Deposit and the fully executed PSA.

8. **Closing Of Escrow.** The Closing Of Escrow shall occur no later than **Thirty (30)** calendar days after Buyer's approval all contingencies.

9. **Contingency Period.** Buyer shall have **Forty-Five (45)** calendar days ~~from the Opening Of Escrow~~ to approve of all due diligence related to the property, which shall commence upon delivery of all documents by Seller.

Matthews Retail Group, Inc. makes no guarantees, representations or warranties of any kind, expressed or implied, regarding the information including, but not limited to, warranties of content, accuracy and reliability. This publication is the copyrighted property of Matthews Retail Group, Inc. and/or its licensor(s). 2016. All rights reserved.

RE: Concentra Urgent Care – Livonia, MI
Page 2

10. **Due Diligence Materials.** To assist Buyer during the Contingency Period, Seller's Broker will provide to Buyer, immediately upon receipt of Buyer's execution of this letter, the following items. Seller and Seller's Broker make no representations or warranties as to the accuracy of these documents:

   a) All rental agreements (including any amendments, addenda or letter agreements, etc.), and leases;
   b) Income and Expense statements for the Property, CAM reconciliations, accounts receivable reports, and rent roll; for 2018, 2019 and year to date.
   c) All Maintenance and Service agreements.
   d) All invoices and details of major repairs/capital Improvements in the past 3 years and all related permits, certificates and warranties.
   e) Preliminary Title Report and underlying documents;
   f) Environmental, Engineering and Seismic Reports in Seller's possession;
   g) Other items reasonably requested by Buyer in Seller's possession. However, Seller's delivery of these items shall NOT extend the Contingency Period.
   h) Any previous survey seller has in possession

11. **Title Insurer.** The title insurance company will be **mutually agreed upon**.

12. **Costs.** Costs shall be customary in the state, city, county the property is located.

13. **Representation.** Andrew Fagundo ("Seller's Broker") shall represent the Seller in this transaction.

14. **Sales Commissions.** Seller shall pay Matthews Real Estate Investment Services a commission per a separate agreement.

15. **As Is.** The sale of the Property is on an absolute "as is, where is" basis. The Buyer shall make and rely solely upon its own reports and investigations of the Property during its Due Diligence period. Furthermore, the agreed upon Purchase Price reflects the fact that no credits for rent, NNN charges, Tenant Improvement or Lease Commissions for any units at the Property will be credited to Buyer by Seller.

16. **Exchange Cooperation.** So long as neither party incurs additional cost or expense as a result of doing so, Buyer and Seller agree to cooperate with each other in the event either party elects to participate in 1031 Tax-Deferred Exchange.

17. **Exclusivity.** Seller agrees to not market property after execution of PSA

THIS PROPOSAL IS INTENDED SOLELY AS A PRELIMINARY EXPRESSION OF GENERAL INTENTIONS AND IS TO BE USED FOR DISCUSSION PURPOSES ONLY. THE PARTIES AGREE THAT THIS PROPOSAL IS NOT INTENDED TO CREATE ANY AGREEMENT OR OBLIGATION BY EITHER PARTY TO NEGOTIATE A



RE: Concentra Urgent Care – Livonia, MI
Page 3

DEFINITIVE PURCHASE AND SALE AGREEMENT AND IMPOSES NO DUTY ON EITHER PARTY TO CONTINUE NEGOTIATIONS. THE PARTIES INTEND THAT NEITHER SHALL HAVE ANY CONTRACTUAL OBLIGATIONS TO THE OTHER WITH RESPECT TO THE MATTERS REFERRED HEREIN UNLESS AND UNTIL A DEFINITIVE AGREEMENT HAS BEEN FULLY EXECUTED AND DELIVERED BY THE PARTIES. PRIOR TO DELIVERY OF A DEFINITIVE EXECUTED AGREEMENT, AND WITHOUT ANY LIABILITY TO THE OTHER PARTY, EITHER PARTY MAY (1) PROPOSE DIFFERENT TERMS FROM THOSE SUMMARIZED HEREIN, (2) ENTER INTO NEGOTIATIONS WITH OTHER PARTIES, AND/OR (3) UNILATERALLY TERMINATE ALL NEGOTIATIONS WITH THE OTHER PARTY HERETO. NOTWITHSTANDING ANY PAST, PRESENT OR FUTURE WRITTEN OR ORAL INDICATIONS OF ASSENT OR INDICATIONS OF RESULTS OF NEGOTIATION OR AGREEMENT TO SOME OR ALL MATTERS THEN UNDER NEGOTIATION, IT IS AGREED THAT NEITHER PARTY WILL BE UNDER ANY LEGAL OBLIGATION BASED ON THIS LETTER OR ANY SUCH WRITTEN OR ORAL INDICATIONS, NEGOTIATIONS AND/OR AGREEMENTS UNLESS AND UNTIL A DEFINITIVE AGREEMENT HAS BEEN FULLY EXECUTED AND DELIVERED BY ALL PARTIES INTENDED TO BE OBLIGATED. IT IS ALSO UNDERSTOOD THAT EITHER PARTY MAY WITHDRAW FROM NEGOTIATIONS AT ANY TIME FOR ANY REASON PRIOR TO THE TIME WHICH A FULLY EXECUTED PURCHASE AND SALE AGREEMENT HAS BEEN DELIVERED TO ESCROW.

If Seller is interested in proceeding with the PSA drafted in accordance with the terms set forth above, please sign below and return this proposal via facsimile and/or email by no later than **July 10, 2020 at 5:00 P.M PST**.

Thank you for considering this proposal. We are hopeful that we can proceed with this transaction, and look forward to working with you. Please call with any questions you might have.

Sincerely,
Andrew Fagundo,

**APPROVED by Buyer:**

By: *Sasoon Sardarian* (DocuSigned by: 52AA886F3914436...)

Date: 7/9/2020

**APPROVED by Seller:**

By: [signature]

Date: 07/10/20