John Paul Stanford
Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan St. Suite 1800
Dallas, Texas 75201
(214) 871-2100 - Phone
(214) 871-2111 – Fax

ATORNEYS FOR BOWIE REAL ESTATE HOLDINGS, LP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BOWIE REAL ESTATE HOLDINGS, LP | § | CASE NO. 20-70115 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**OBJECTION TO CROSSFIRST BANK'S MOTION TO DISMISS THE DEBTOR'S CHAPTER 11 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §1112(b)(1)**

Now Comes Bowie Real Estate Holdings, LP (the "Debtor") and files its Objection to CrossFirst Bank's Motion to Dismiss the Debtor's Chapter 11 Bankruptcy Case Pursuant to 11 U.S.C. §1112(b)(1) *[Docket #26]* (the "Motion") and Joinder by Montague County and Montague County Appraisal District [*Docket #34*] as follows:

1.   The Debtor admits the allegations set forth in the first two sentences of paragraph 1 of the Motion filed by CrossFirst Bank (the "Bank" or "Movant") but denies the remaining allegations.

2.   The Debtor admits the allegations of jurisdiction set forth in paragraph 2 of the Motion.

3.   The Debtor admits the allegations of venue set forth in paragraph 3 of the Motion.

4.   The Debtor admits the allegations set forth in the first 4 sentences of paragraph 4 of the Motion except that Hasan F. Hashmi is no longer a managing member of the Debtor. The Debtor does not respond to the remaining allegations regarding CHB.

5. The Debtor admits the allegations set forth in paragraph 5 of the Motion. As to the documents, they speak for themselves.

6. The allegations set forth in paragraph 6 of the Motion are as to CHB and not the Debtor. As to the documents, they speak for themselves.

7. The allegations set forth in paragraph 7 of the Motion are as to CHB and not the Debtor. As to the documents, they speak for themselves.

8. The allegations set forth in paragraph 8 of the Motion are as to F. Hashmi and H. Hashmi and not the Debtor. As to the documents, they speak for themselves.

9. The Debtor admits the allegations set forth in paragraph 9 of the Motion.

10. The Debtor admits that it did not pay the amounts due under the Note to CrossFirst. by December 14, 2019 as alleged in paragraph 10. The Debtor admits that CHB ceased it operations at the Real Property by February 2020. The Debtor cannot admit nor deny the remaining allegations regarding other parties.

11. The allegations set forth in paragraph 11 of the Motion are as to CHB and not the Debtor. As to the documents, they speak for themselves.

12. The Debtor admits the allegations set forth in paragraph 12 of the Motion.

13. The Debtor admits the allegations set forth in paragraph 13 of the Motion.

14. The Debtor cannot admit nor deny the precise amount of the outstanding debt under the CrossFirst Note set forth in paragraph 14 of the Motion, but for purposes of the Motion, the Debtor does not deny an amount owed in this approximate amount.

15. The Debtor admits the information plead in paragraph 16 but denies the conclusions. Moreover, Yam Capital, LLC filed an unsecured claim for an unknown amount. [*Claim No. 7*].

16. The Debtor admits the allegations set forth in paragraph 16 of the Motion.

17. The Debtor denies that relief should be granted as requested by the Movant in paragraph 17 of the Motion.

18. The Debtor denies the allegations of bad faith set forth in paragraph 18 of the Motion and denies that Movant is entitled to the requested relief.

19. The Debtor denies the allegations of bad faith set forth in paragraph 19 of the Motion and denies that Movant is entitled to the requested relief.

20. The Debtor denies the allegations of bad faith set forth in paragraph 20 of the Motion and denies that Movant is entitled to the requested relief.

21. The Debtor denies the legal argument in the case cited in paragraph 21 of the Motion applies to the current facts of this case.

22. The Debtor denies the legal argument cited in the *Little Creek* case cited in paragraph 22 of the Motion applies to the current facts of this case.

23. The Debtor denies the allegations of bad faith set forth in paragraph 23 of the Motion and denies that Movant is entitled to the requested relief. As plead by the Bank, CHB was obligated to pay regular monthly payments under the Note. CHB is the owner of approximately $9 million in collectable patient receivables from which the Debtor expected CHB to service the Note during its bankruptcy. On or about June 18, 2020 the Bank sought and obtained a receiver to take control of the CHB receivables; preventing the use of those funds from servicing the debt during the bankruptcy.

24. The Debtor denies the allegations set forth in paragraph 24 of the Motion. The Debtor also owns substantial medical equipment in addition to the real property.

25. The Debtor admits the first sentence of paragraph 25, but denies the remaining allegations.

26. The Debtor admits the first sentence of paragraph 26, but denies the remaining allegations.

27. The Debtor admits the allegations set forth in paragraph 27 of the Motion.

28. The Debtor denies the allegation set forth in paragraph 28 of the Motion.

29. The Debtor admits the factual allegations set forth in paragraph 29, but denies the Bank is entitled to the requested relief.

30. The Debtor admits the factual allegations set forth in paragraph 30, but denies the conclusions set forth therein. The Debtor denies the Bank is entitled to the requested relief.

31. The Debtor denies the bankruptcy filing was purely to delay or frustrate the legitimate efforts of the Bank as asserted in paragraph 31. The bankruptcy was filed to preserve the full value of the Debtor's assets which protects the Bank's interest along with the other creditors. The Debtor denies the Bank is entitled to the requested relief. Debtor asserts that the excess equity in the Property adequately protects the Movant for the time being.

32. The Debtor denies that relief should be granted as requested by the Movant in paragraph 32 of the Motion.

33. On May 28, 2020 the Debtor filed its application to engage the real estate brokerage services of Matthews Real Estate Investment Services to market the real property for sale and to obtain offers to purchase. The order employing Matthews Real Estate was entered on July 29, 2020 *[Docket #37]*.

34. On July 8, 2020, the Debtor received a Proposal to Purchase the Bowie Facility from Cadelano LLC, or assignee for $3,825,000. The terms of the proposal provide that the purchase will be all cash and will include a $75,000 cash deposit. The sale proceeds from the sale of the Bowie Facility at $3,825,000 will be more than sufficient to satisfy the Bank's claim, including interest, within a reasonable period of time as well as the claims of the taxing authorities.

35. On July 29, 2020, CrossFirst Bank's Motion for Relief from Stay *[Docket # 27]* came on for hearing before this court. At the conclusion of the hearing the court issued its findings and fact and conclusion of law and ruled that in the event the Debtor does not close on the sale of the Real Property Collateral on or before September 30, 2020, the automatic stay under 11 U.S.C. § 362 with respect to CrossFirst and the Taxing Authorities will automatically terminate. Dismissal at this time would be inconsistent with the course the court has established for this case.

36. The responses set forth herein are those asserted by the Debtor, Bowie Real Estate Holdings, LP, and not for any other party.

37. Any allegations set forth in the Motion that has not been specifically admitted herein, is deemed denied by the Debtor.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that the Movant's motion to dismiss be denied, to allow for the sale of the property and for such further relief to which it may be entitled.

Respectfully submitted,

By:   */s/ John Paul Stanford*
      John Paul Stanford
      State Bar No. 19037350

Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan St. Suite 1800
Dallas, Texas 75201
(214) 871-2100 - Phone
(214) 871-2111 – Fax
Email:  jstanford@qslwm.com

ATTORNEYS FOR BOWIE REAL ESTATE HOLDINGS, LP

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on July 31, 2020, a copy of the above pleading was served on the attorney for the moving party at the address below and was also served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

Michael S. Held
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201

Jeanmarie Baer
Jollie Lerew
PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, LLP
PO Box 8188
Wichita Falls, TX 76307

                                                  */s/ John Paul Stanford*
                                                  John Paul Stanford