

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed August 13, 2020

*Harlin DeWayne Hale*

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| BOWIE REAL ESTATE HOLDINGS, LP | § | CASE NO. 20-70115-hdh11 |
| | § | |
| | § | |
| DEBTOR. | § | |

**ORDER CONDITIONING CROSSFIRST BANK'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY [ECF NO. 27]**

Before the Court came CrossFirst Bank's Motion for Relief from the Automatic Stay [ECF No. 27] (the "Motion") filed by CrossFirst Bank ("CrossFirst").  After considering the Motion, the Joinder to the Motion [ECF No. 34](the "Joinder") filed Montague County and the Montague County Appraisal District (the "Taxing Authorities") and the Objection to CrossFirst Bank's Motion for Relief from Stay [ECF No. 35] (the "Objection") by Bowie Real Estate Holdings, LP (the "Debtor"), the arguments of CrossFirst, the Debtor and the Taxing Authorities, applicable authority and the record in this case, the Court finds and concludes that proper notice of the Motion was given, that the Court has jurisdiction to consider the Motion and the relief requested therein,

26455573v.3

and the Court finds that the relief sought in the Motion should be GRANTED pursuant to 11 U.S.C. § 362(d)(3) as set forth below. It is therefore:

ORDERED that in the event the Debtor does not close on the sale of the Real Property Collateral [1] with receipt of funding on or before September 30, 2020, the automatic stay under 11 U.S.C. § 362 with respect to CrossFirst and the Taxing Authorities will automatically terminate without further order of this Court to allow CrossFirst and the Taxing Authorities to exercise any and all of their rights and remedies against their collateral, including taking all actions relative to foreclosure of the Real Property Collateral; it is further

ORDERED that CrossFirst, the Taxing Authorities, and the Debtor are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the terms of the Order; and it is further

ORDERED that the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

### END OF ORDER ###

**SUBMITTED BY:**

*/s/ Michael S. Held*
JACKSON WALKER LLP
Michael S. Held
Vienna F. Anaya
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
Email: mheld@jw.com
vanaya@jw.com

*COUNSEL FOR CROSSFIRST BANK*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

26455573v.3

**AGREED AS TO FORM**:

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.

*/s/ John Paul Stanford*
John Paul Stanford
State Bar No. 19037350
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
Email: jstanford@qslwm.com

*COUNSEL FOR DEBTOR*